FILED
DEC 19 2005
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR05-50056 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING APPEAL |
| | ) | |
| NEAL WYNIA, | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Defendant, Neal Wynia (Wynia), was charged with destruction and damage or removal of government property without authorization pursuant to 28 C.F.R. § 1.218(b)(4). On June 23, 2005, Wynia was tried before United States Magistrate Judge Marshall P. Young. Upon the conclusion of the trial, Magistrate Judge Young found Wynia guilty of the offense charged. Wynia now appeals this conviction. The issue on appeal is whether there is sufficient evidence to sustain the conviction.

## FACTS

Wynia was employed at the Veterans' Administration Medical Center in Hot Springs, South Dakota, as a houskeeping aide. Transcript, 67. He had held that position since August of 1989 and had been employed with the VA system for over twenty-four years. Transcript, 67.

On January 4, 2005, Wynia was scheduled to work 6 a.m. to 2:30 p.m. Transcript, 68. Part of his assignment for the day was to remove boxes from the building and place them in the trash compactor. Transcript, 68. Wynia was moving the boxes through the use of a cart.

Transcript,12   At approximately 11 a.m. that day, Wynia decided to take his lunch break. Transcript, 3.  Wynia pushed his cart to the canteen, the area in the Hot Springs VAMC which contains both a cafeteria and gift shop, to take his lunch break. Transcript, 71, 3.  Wynia left his cart near the vending machine area and went into the complex. Transcript, 72.  Wynia testified that as he was throwing away boxes that day, he was also looking to replace a box which he kept his hand tools in his locker. Transcript, 73.  Wynia testified that when he left his cart near the vending machines, he carried with him a box that he thought would be a suitable replacement for the one in his locker. Transcript, 72-73.  Wynia then ordered his lunch and paid.  Transcript, 74.

Wynia began to look at a display of shoes while waiting for his order.  Transcript, 74. Wynia picked up a box of the shoes and went to the retail cash register to find out if the price of the shoes would be further discounted.  Transcript, 74.  Wynia spoke with Abigail Gansen, who was working at the retail shop.  Transcript, 74, 8.  She referred him to her supervisor, Marsha Simmons.  Transcript, 11.  Wynia then left the store.  Transcript, 74.  Wynia testified that he put the shoes back, picked up his lunch order, and returned to the male employees' locker room. Transcript, 74.  Marsha Simmons, the chief of the canteen, testified that she saw Wynia leave with a to-go box in one hand and a shoe box in the other.  Transcript, 23.  Simmons testified that the box Wynia carried was identical to the box that the shoes were in.  Transcript, 24.  Simmons then testified that she went in and asked Gansen if she had sold Wynia a pair of shoes upon seeing him leave the canteen area with a shoe box.  Transcript, 25.  Simmons also asked the other woman running the food cash register if she had sold the shoes to Wynia. Transcript, 25-26. Simmons then called the police. Transcript, 26.

Upon returning from the canteen, Wynia placed his items in his locker and sat at the table in the locker room finishing his lunch. Transcript, 78. A few minutes later the police officers came in and asked if they could speak with Wynia. Transcript, 78. The officers informed him of the allegation that he had removed a box of shoes and requested permission to search Wynia's locker. Transcript, 78. Wynia consented to the search and explained to the officers that he had been attempting to replace the box in his locker. Transcript, 78. Wynia told the officers that the box he had brought down did not work and he threw it away. Transcript 78-79. Wynia then showed the officers the dumpster where he had disposed of the box. Transcript, 79. One of the officers testified that he simply moved some of the boxes on top to look for the smaller box. Transcript, 47-49. Officers were, however, unable to locate the box. Transcript, 47.

When the officers entered the locker room, there was one other person present, Matt Hughes. Hughes testified that he was on break and in the locker room when Wynia first entered. Transcript, 55. Hughes testified that Wynia came in, sat down and started eating his lunch. Transcript, 56. Hughes stated that he was present when the officers arrived and that he left after everyone else. Transcript, 59. Hughes could not recall, however, if Wynia was carrying anything when he came into the locker room or if he did anything other than sit down to the table and eat lunch. Transcript, 55.

After searching Wynia's locker and the dumpster, the officers returned to the canteen seeking a description of the box that they were looking for. Transcript, 36. They spoke with Marsha Simmons who described the box. Transcript, 36. The officers then returned to the men's locker room to search for the box. Transcript, 36-37. Upon searching the locker room, the officers found a box containing a pair of shoes in the laundry cart. Transcript, 39. The shoe box

3

the officers found was identical to the box that Simmons had seen Wynia carrying out of the canteen area. Transcript, 24. A citation was then issued.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 58(g)(2)(B) provides that a defendant may appeal a magistrate judge's judgment of conviction. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). As a result, the magistrate judge's factual findings are reviewed under the clearly erroneous standard while the application of the facts to the statute is reviewed de novo. See United States v. Brummels, 15 F.3d 769, 771 (8th Cir.1994).

## DISCUSSION

Defendant appeals his conviction and alleges that there was insufficient evidence to find him guilty beyond a reasonable doubt. In reviewing the sufficiency of the evidence, the Court must "view the facts in the light most favorable to the verdict and resolve conflicts in favor of the verdict." United States v. Espinoza, 349 F.3d 525, 529 (8th Cir. 2003). 38 C.F.R. § 1.218(b)(4) makes it a crime to remove government property without authorization. There was evidence in the record that Wynia was seen leaving the canteen area carrying a shoe box. Transcript, 23-24. There was also evidence in the record that an identical shoe box was found where Wynia had taken his lunch break immediately after leaving the canteen. Transcript, 39. There was no evidence in the record to prove that Wynia had authorization to remove the shoes and shoe box from the canteen area to the male locker room. Viewing the facts in a light most favorable to the verdict, the Court finds that there is sufficient evidence in the record to affirm the conviction. Accordingly, it is hereby

ORDERED that defendant's appeal (Docket #1) is denied.

Dated this 19th day of December, 2005.

                BY THE COURT:

                *Richard H. Battey*
                RICHARD H. BATTEY
                UNITED STATES DISTRICT JUDGE